

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 16, 1957

Honorable O. B. Ellis                    Opinion No. WW-280
Director
Department of Corrections          Re:  Legality of making
Huntsville, Texas                             payments after August
                                                          31, 1957, under the
                                                          Eastham prison equip-
                                                          ment contract let on
Dear Sir:                                            March 14, 1955.

        Your request for an opinion dated September 18, 1957,
relates to the legality of the issuance of a warrant to pay
a claim against the appropriations contained in Acts 53rd
Legislature, 1st Called Session, 1954, ch. 8, Sec. 2, p. 21.
An invoice for partial payment of the contractual obligation
to the Southern Steel Company was returned on September 10,
1957 by the Comptroller with a note stating:

            "I am returning the enclosed
    voucher for the reason the account being
    incurred in February 1955 is now barred
    from payment by a statute of limitation
    of this state."

The question presented is whether or not this claim on the
1954 appropriation is barred by Article 4357, Vernon's Civil
Statutes, which reads in part:

            ". . .No claim shall be paid
    from appropriations unless presented to
    the Comptroller for payment within two
    (2) years from the close of the fiscal
    year for which such appropriations were
    made, but any claim not presented for
    payment within such period may be pre-
    sented to the Legislature as other claims
    for which no appropriations are avail-
    able. . . ."

        The close of the fiscal year following the 1954
appropriation was on August 31, 1954 thus claims against
the original 1954 appropriation would normally be barred

after August 31, 1956. However, the unexpended balance of this 1954 appropriation was reappropriated by Acts 54th Legislature, 1955, ch. 519, p. 1199 and again reappropriated by Acts 55th Legislature, Regular Session, 1957, ch. 385, p. 1049.

Your question is thus narrowed to whether or not reappropriation of the unexpended balances for the same purposes as prior appropriations extends the claim period of Article 4357 for two years. In construing the provisions of Article 4357 it is stated in Attorney General's Opinion V-1416 (1952):

> "The provision of Article 4357 here involved is a limitation statute, and it must be construed in the light of the object for its enactment. The purpose of this provision was to eliminate a necessity for the Comptroller to carry stale appropriation accounts on his books in the likelihood that there might be outstanding claims against them. It was not designed to affect the payment of claims against accounts which have been kept current by reappropriation. . . ."

See also Attorney General's Opinion MS-10:

> "This construction of Article 4357 was not intended to limit the fiscal years to the first year the appropriated funds were available, but is intended to apply to all fiscal years during which the appropriated funds are available for disbursement. . . ."

We think it is clear, therefore, that the claim in question is not barred by Article 4357 because the unexpended balance has been kept current by reappropriation. It is our further opinion that Section 6 of Article VIII of the State Constitution would not be violated by the payment of the claim under consideration. The intention of the framers of Section 6, Article VIII was to allow the Legislature to re-examine every two years the disposition of unexpended balances of prior appropriations. This the Legislature has done by reappropriation. There is no appropriation of money for a longer term than two years.

You are further advised that the reappropriation in 1957 extended the period for payment of claims of the

Southern Steel Company until August 31, 1959.

### SUMMARY

Article 4357, Vernon's
Civil Statutes does not
prevent payment after two
fiscal years of claims
from the unexpended bal-
ance of a prior appropria-
tion which has been kept
current by reappropriation.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Maco Stewart

Maco Stewart
Assistant

MS:wam

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

B. H. Timmins, Jr.

John B. Webster

W. V. Geppert

REVIEWED FOR THE ATTORNEY GENERAL
BY:
James N. Ludlum